**Motion for Rehearing Denied and Concurring and Dissenting Memorandum Opinion filed April 13, 2021.**



In the

# Fourteenth Court of Appeals

### NO. 14-19-00339-CR

### DARUIS D. WEATHERSBY, Appellant

### v.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1454223**

## CONCURRING AND DISSENTING MEMORANDUM OPINION FROM DENIAL OF MOTION FOR REHEARING

Appellant filed a motion for rehearing contending this court (1) erred in overruling issue three, in which appellant argued the trial court failed to conduct an ability-to-pay inquiry in violation of the Code of Criminal Procedure, though the judgment states that an inquiry was conducted and (2) violated Texas Constitution article II, section 1, regarding division of powers between the three departments of government in our disposition of issue three. This court has denied appellant's

motion for rehearing. I concur in the denial of appellant's motion for rehearing as to the issue that was addressed in the court's opinion. However, I dissent to the denial of rehearing because the court should have granted appellant's motion, in part, to address appellant's claim of constitutional error occurring for the first time on appeal.

The Texas Constitution expressly guarantees separated powers among the three departments of government. Tex. Const. art. II, § 1; *Salinas v. State*, 523 S.W.3d 103, 106 (Tex. Crim. App. 2017). Article II, section 1 of the Texas Constitution states:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1. This section ensures that the powers granted to one governmental department may be exercised only by that department, to the exclusion of the other departments. *Ex parte Lo*, 424 S.W.3d 10, 28 (Tex. Crim. App. 2013).

When one department of government assumes or is delegated a power more properly attached to another department, that assumption or delegation of power violates the separation-of-powers provision. *Salinas*, 523 S.W.3d at 106–07. "The provision is also violated when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers." *Safety Nat. Cas. Corp. v. State*, 273 S.W.3d 157, 162 (Tex. Crim. App. 2008) (quoting *Armadillo Bail Bonds v. State*, 802 S.W.2d 237 (Tex. Crim. App.

1990)). Though appellant claims that this court has violated separation of powers by relying on the text of a standardized felony judgment form promulgated by the Office of Court Administration, he does not develop this argument. *See* Tex. Code Crim. Proc. Ann. art. 42.01, § 4. Appellant recites the statutory language requiring courts to inquire whether a defendant has sufficient resources or income to immediately pay all or part of the fine and costs assessed. *See* Tex. Code Crim. Proc. Ann. art. 42.15(a-1). Appellant then describes the recital in the judgment as merely "boilerplate language" from the Office of Court Administration's form. However, appellant does not argue that this court has assumed a power more properly attached to another department of government, nor does appellant support his argument that this court's opinion unduly interferes with another department so that the other department cannot effectively exercise its constitutionally-assigned power. Appellant has not established a violation of Texas Constitution article II, section 1, and is therefore not entitled to any of the relief requested.[1]

While I agree that the court's February 18, 2021 opinion and judgment should remain unchanged, it is important for this court to address issues of error that parties contend occur for the first time on appeal. This court has the duty to address every issue raised and necessary to final disposition of the appeal. Tex. R. App. P. 47.1. Because this court refuses to address appellant's claim of constitutional error occurring for the first time in this court's opinion, I dissent to that portion of the denial of rehearing.

---

[1] "The office of court administration is an agency of the state and operates under the direction and supervision of the supreme court and the chief justice of the supreme court." Tex. Gov't Code Ann. § 72.011(a). Appellant does not specifically argue that the Office of Court Administration is a part of either the legislative or executive departments of government.

/s/    Charles A. Spain
       Justice

Panel consists of Justices Jewell, Spain, and Wilson.

Do Not Publish—Tex. R. App. P. 47.2(b)